# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE C. SIMPSON,**
          **Petitioner,**

     **v.**                                       Case No. 12-CV-00410

**TIMOTHY HAINES, Warden,**
**Wisconsin Secure Program Facility,**
          **Respondent.**

## DECISION AND ORDER

On May 2, 2012, pro se petitioner Willie Simpson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of two counts of first degree sexual assault of a child. He was sentenced to two consecutive terms of twenty-five years each and he is currently incarcerated at the Wisconsin Secure Program Facility.

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, petitioner has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Nietzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's

belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because the statutory filing fee for an application for a writ of habeas corpus is only $5.00, however, a petitioner will rarely have insufficient income or assets to pay the fee.

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that petitioner is unable to pay the filing fee. Petitioner's prison trust account currently has a balance of $0.00, and he has a significant amount of debt. He owes money for earlier court filing fees, medical and legal loans he has taken out while in prison, and restitution. Therefore, I will grant his motion to proceed in forma pauperis.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give this case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner claims that a change in state law that occurred after his conviction became final has unconstitutionally increased his sentence. This is a colorable constitutional claim. See Johnson v. U.S., 529 U.S. 694, 699 (2000). Thus, it does not plainly appear from the petition and attached exhibits that petitioner is not entitled to habeas relief.

**THEREFORE, IT IS ORDERED** that petitioner's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits. Petitioner is advised that he must send copies

of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the respondent and transmitted electronically to the Attorney General for the State of Wisconsin pursuant to the memorandum of understanding between the Clerk of Court and the Wisconsin Department of Justice.

Dated at Milwaukee, Wisconsin, this 2nd day of June 2012.

s/ Lynn Adelman  
LYNN ADELMAN  
District Judge