UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,
        Petitioner,

v.                                                          Case No. 12-CV-00410

TIMOTHY HAINES, Warden,
Wisconsin Secure Program Facility,
        Respondent.

## DECISION AND ORDER

On May 2, 2012, pro se petitioner Willie Simpson filed this petition pursuant to 28 U.S.C. § 2254 asserting that his state court sentence was imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court on February 25, 2000 of two counts of first degree sexual assault of a child under Wis. Stat. § 948.02(1) and sentenced to two consecutive terms of twenty-five years each. He claims that after his conviction became final the Wisconsin Department of Corrections ("DOC") made an administrative decision to extend his sentence to 64 years based on laws passed after his conviction. He asserts that this violated the Ex Post Facto Clause in Article I, § 9 of the Constitution. Respondent moves to dismiss the petition on the ground that it was untimely filed under 28 U.S.C. § 2244(d)(1). While respondent's brief raises serious questions about the petition, it appears to me that its arguments are less directed to timeliness than to the merits of the petition. Petitioner alleges that officials at the DOC and not a court extended the length of his sentence, therefore, § 2244(d)(1) does not apply. *See Cox v. McBride*,

279 F.3d 492 (7th Cir. 2002) (holding that the statute of limitations in § 2244(d)(1) does not apply to petitions challenging administrative decisions).

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss for failure to timely file (Docket #15) is **DENIED**.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 30 days following the filing of petitioner's brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the petition must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 29th day of March 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge