# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,
        Petitioner,

v.                                     Case No. 12-CV-00410

TIMOTHY HAINES, Warden,
Wisconsin Secure Program Facility,
        Respondent.

## DECISION AND ORDER

Pro se petitioner Willie Simpson filed this petition pursuant to 28 U.S.C. § 2254 asserting that his state court sentence was imposed in violation of the Constitution. Petitioner is currently incarcerated at the Wisconsin Secure Program Facility. He is serving 65 years in prison for sexually assaulting children. He was first convicted in the Milwaukee County Circuit Court in 1997 of second-degree sexual assault of a child under Wis. Stat. § 948.02(2). The court stayed the resulting 15-year prison sentence and placed petitioner on probation, which was revoked in 1999 afer he molested a 6-year-old. He was subsequently convicted of two counts of first-degree sexual assault of a child under Wis. Stat. § 948.02(1) and sentenced to two consecutive prison terms of 25 years each. He claims that in 2010 the Wisconsin Department of Corrections ("DOC") made an administrative decision to extend his sentence and deny him parole based on laws passed after he committed his crimes. He asserts that this violates the Ex Post Facto Clause in Article I, § 9, of the Constitution.

A federal court may grant habeas relief to a state prisoner who is in custody pursuant to a state court judgment if the prisoner is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Ordinarily, a prisoner must exhaust his remedies in state court before seeking habeas relief. It is not clear that petitioner has done that here, but a petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State." *Id.* § 2254(b)(2). Therefore, I will consider the merits of the petition.

Petitioner argues that the DOC must have illegally changed his sentence because he received "Inmate Classification Reports" on October 22, 2010 and August 19, 2011 that state that he was sentenced "under New Law." (Pet'r's Br. in Support, Exhibits, 2, 3, ECF No. 25-1.) Petitioner's concern with the phrase "New Law" is misplaced. The "New Law" referred to in the reports is the law that applies to offenses like petitioner's that were committed between June 1, 1984 and December 30, 1999. *See* Brenda R. Mayrack, *The Implications of State ex. rel. Thomas v. Schwarz for Wisconsin Sentencing Policy After Truth-in-Sentencing II*, 2008 Wis. L. Rev. 181, 187–88. It is known as the "New Law" to everyone in the Wisconsin criminal justice system because the sentencing scheme for offenses committed before June 1, 1984 is commonly referred to as the "Old Law." *Id.* There is also no evidence that petitioner's sentence was actually modified. Petitioner argues that his sentence has been improperly extended, but the reports state that his maximum discharge date is May 5, 2064, which is consistent with a 65-year sentence. He also claims that he has been denied parole, but the reports state that he will be eligible for

parole on August 5, 2015. Therefore, I conclude that petitioner's sentence has not been illegally altered.

The Seventh Circuit reached the same conclusion when reviewing petitioner's claim under 42 U.S.C. § 1983 in *Simpson v. Walker*, 2013 WL 4301677 (7th Cir. Aug. 16, 2013) (unpublished opinion). In that case, petitioner sued several state officials alleging that they had violated the Constitution's Ex Post Facto Clause by retroactively applying Wisconsin's Truth-in-Sentencing law,1997 Wis. Act 283, to his sentences and thereby eliminating his parole eligibility. The Truth-in-Sentencing law applies to offenses committed after December 31, 1999. The court found that it had not been applied to petitioner.

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The clerk shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge